IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

AVION T LAWSON,

    Plaintiff,

v.                                                   CASE NO. 5:15-cv-199-LC-GRJ

J MARSHALL, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate serving a sentence in the custody of the Florida Department of Corrections, initiated this case by filing a *pro se*, *in forma pauperis* civil rights complaint pursuant to 42 U.S.C. § 1983 on August 7, 2015, and has been granted leave to proceed as a pauper by separate order. ECF No. 1, 3. The Complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A. Pursuant to 28 U.S.C. § 1915A, the Court shall dismiss the complaint if it is "(1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

The Complaint stems from the conditions of confinement while Plaintiff was confined at Northwest Florida Reception Center. Plaintiff is presently confined at Santa Rosa C.I. Plaintiff alleges that he was subjected to an excessive use of force in connection with the administration of chemical agents in January 2015. ECF. No. 1.

The Court's civil rights complaint form, which Plaintiff executed under penalty of perjury, requires prisoners to disclose their prior litigation history, specifically whether prisoners have filed previous cases relating to the fact or manner of incarceration and any cases that have been dismissed as frivolous, malicious, for failing to state a claim,

or prior to service. In response to these questions, Plaintiff identified one state court case and the following four federal cases: *Lawson v. Crews*, Case No. 2:13-cv-14262-DLG (S.D. Fla.) (Pending); *Lawson v. Leavins*, Case No. 5:15-cv-76-RS-EMT (N.D. Fla. 5/5/15) (dismissed for failure to truthfully disclose litigation history); *Lawson v. Wakulla CI*, Case No. 4:13-cv-672-WS-GRJ (N.D. Fla. 6/3/14) (dismissed for failure to comply with order of the Court and failure to prosecute); and *Lawson v. Crews*, Case No. 9:14-cv-80860-WJZ (S.D. Fla. 2/2/15) (dismissed habeas petition prior to service as time-barred).

A review of the Court's PACER case index reflects that Plaintiff failed to identify at least two additional prisoner civil rights cases stemming from the conditions of Plaintiff's confinement that were filed prior to the instant case: *Lawson v. Leavins*, Case No. 5:15-cv-112-RV-GRJ (N.D. Fla. 8/3/15) (dismissed for failure to file an amended complaint that complied with Fed. R. Civ. P. 20(a)(2) governing misjoinder); and *Lawson v. Barber*, Case No. 5:15-cv-150-MP-GRJ (filed 6/29/15, pending).[1]

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits warrants dismissal of the complaint for abuse of the judicial process. *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601 *4 (11th Cir. Feb. 10, 2011).[2] In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a

---

[1] Plaintiff also has an additional case pending in the Northern District, *Lawson v. Barber*, Case No. 5:15-cv-229, but that case was filed on August 31, 2015, after the instant complaint.

[2] Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

previous lawsuit. The plaintiff argued that he "misunderstood" the form, but the Court held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits[.]" *Id*. The Court determined that dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir.1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed.R.Civ.P. 11(c). Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id*.

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case. The failure to exercise candor in completing the form, while acknowledging that the answers are made under penalty of perjury, impedes the Court in managing its caseload and merits the sanction of dismissal. *See Redmon*, 2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-

151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").

In view of Plaintiff's failure to truthfully disclose his filing history, for which he has previously been sanctioned by the Court with dismissal of a case (*see Lawson v. Leavins*, Case No. 5:15-cv-76-RS-EMT (N.D. Fla. 5/5/15)) the Court concludes that this case should be dismissed.

It is therefore respectfully **RECOMMENDED** that this case should be **DISMISSED without prejudice** for abuse of the judicial process.  Although the dismissal should be without prejudice the dismissal should operate as a "strike" pursuant to  28 U.S.C. § 1915(g).

**IN CHAMBERS** this 24th day of September 2015.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.